IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, MISSISSIPPI

**FILED** JUL 01 2015 SHARON McFADDEN BY _____

| | | |
|---|---|---|
| EZELL BROWN, by and through his Conservatrix Sheakenia Brown | | PLAINTIFF |
| VS. | | CAUSE NO.: 2015-0158 |
| RULEVILLE NURSING AND REHABILITATION CENTER, LLC | | DEFENDANT |

## COMPLAINT

COMES NOW, PLAINTIFF, CONSERVATORHIPS OF EZELL BROWN, by and through SHAKENIA BROWN, by and through counsel, and files this cause of action against the Defendant, **RULEVILLE NURSING AND REHABILITITION CENTER, LLC**, in support hereof would show unto the Court the following facts, to-wit:

### I. JURISDICTION AND VENUE

1. This is a civil action seeking money damages for the personal injuries suffered by **EZELL BROWN** while he was a resident of **RULEVILLE NURSING AND REHABILITATION CENTER, LLC**.

2. The incidents complained of herein occurred at **RULEVILLE NURSING AND REHABILITATION CENTER, LLC** in Ruleville, Sunflower County, Mississippi.

### II. PARTIES

3. Plaintiff, **EZELL BROWN**, is an adult resident citizen of Sunflower County, Mississippi.

4. That Sheakenia Brown was appointed as conservatrix of Ezell on August 26, 2014 by the Chancery Court of Sunflower County Mississippi, Cause No. 2014-000026. See attached Letters of Conservatorship.

5. The Defendant, **RULEVILLE NURSING AND REHABILITATION CENTER, LLC** is a corporation doing business in Mississippi and it may be served with process through its registered agent for service of process: UNITED CORPORATE SERVICES, 401 East Capital 100-M, Heritage Building, Jackson, Mississippi 39201.

6. The Defendant, **RULEVILLE NURSING AND REHABILITATION CENTER, LLC** may be served with process through its Administrator Mary Rose at 800 Stansel Drive, Ruleville, Mississippi 38771.

### III. CAUSE OF ACTION:

#### Negligence and Gross Negligence

7. At all relevant times hereto, EZELL BROWN, was a resident at RULEVILLE NURSING AND REHABILITATION CENTER ("nursing home") in need of care and assistance due to his age, infirmity and disability.

8. Ezell Brown became became a resident of the nursing home on February 10, 2001. While a resident at the nursing home, EZELL BROWN suffered a fractured left femur fracture that also affected his ability to turn his body to relieve pressure. As a result, Ezell Brown was totally dependent on the nursing staff to prevent injuries to him, as well as his body to relieve pressure. The femur fracture as well as the decubitus ulcers and other injuries, and exacerbation of said injuries suffered by Ezell Brown were proximately caused by the negligent and gross negligent acts of the nursing home as described herein below.

2

9. Ezell Brown's medical condition upon admission to the nursing home and throughout his stay caused him to be in need of the nursing staff for hydration, nutrition, prevention of injuries and other activities of daily living. Ezell Brown, and indeed his family, relied upon the nursing home to recognize his condition and the significant and changing medical conditions and to make timely and appropriate medical transfers, medical consultations, and care and treatment consistent with the degree, extent and change of his medical condition.

10. The personal injuries sustained by Ezell Brown were due solely to the negligence, gross negligence, and careless acts of the nursing home. The nursing home had a duty to provide care to Ezell Brown commensurate with his age, infirmity, and disability. The nursing home is liable under the doctrine of respondeat superior for any tortious acts of its employees that are committed within the scope of the employees' duties. At the time of the incidents complained of herein, the nursing home was guilty of negligent acts proximately causing the personal injuries of Ezell Brown in the following respects:

(a) Failure to assess the condition of Ezell Brown;

(b) Failure to properly monitor the condition of Ezell Brown and significant changes in his condition;

(c) Failure to provide adequate hydration and nutrition to Ezell Brown;

(d) Failure to develop an adequate or appropriate care plan, relating to the decubitus ulcers and other medical conditions of Ezell Brown;

(e) Failure to get timely medical treatment for the decubitus ulcers;

(f) Failure to provide adequate care following the development of the decubitus

3

ulcers to Ezell Brown;

(g) Failure to consult or timely consult physician regarding decubitus ulcers;

(h) Failure to inform the physician or to keep the physician informed of the significant changes relating to the decubitus ulcers;

(i) Failure to implement care plan relating to Ezell Brown;

(j) Failure to prevent pressure ulcers to Ezell Brown;

(k) Failure to appropriately treat pressure ulcers of Ezell Brown;

(l) Failure to prevent injuries to Ezell Brown;

(m) Failure to prevent malnutrition to Ezell Brown;

(n) Failure to prevent weight loss to Ezell Brown;

(o) Failure to properly evaluate Ezell Brown so as to provide appropriate care;

(p) Failed to timely obtain medical treatment;

(q) The failure to provide sufficient numbers of personnel, including nurses, nurse assistant, medication aides, orderlies, to meet the total needs of Ezell Brown in conjunction with the needs of other residents of the nursing home;

(r) The failure to adequately screen, evaluate, and check references, test for competence and use ordinary care in selecting nursing personnel to work at the nursing home;

(s) The failure to terminate employees at the nursing home assigned to care for Ezell Brown that were known to be careless, incompetent or unwilling to comply with the policies and procedures of the nursing home and the rules and regulations promulgated by Mississippi Department of Health (MDH) and Mississippi Department of Human Services (MDHS).

4

(t) The failure to adequately assess, evaluate and supervise registered nurses, licensed vocational nurses, nurses aides or assistants, medication assistants, dietary personnel and laundry personnel so as to assure that Ezell Brown received good, proper nursing care in accordance with the nursing home's policies and procedures manuals, the MDHS minimum standards of participation for skilled nursing facilities, the MDH minimum licensing standards for nursing homes, and the regulations of the U.S. Department of Health and Human Services.

(u) The failure to adequately supervise and monitor the job performance of the Administrator of the nursing home.

(v) The failure to adequately supervise and monitor the job performance of the Director of the Nurses at the nursing home.

(w) The failure to provide a nursing staff that was properly manned, qualified, trained and motivated.

(x) The failure to assign nursing personnel at the nursing home duties consistent with their education and experience based on: (1) Ezell Brown's medication history and condition, nursing and rehabilitative needs; (2) the characteristics of the patient population residing on the wing where Ezell Brown was a patient, and (3) the nursing skills needed to provide care to such patient population.

(y) The failure to establish, publish and /or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of Ezell Brown;

(z) The failure to provide and assure an adequate nursing care plan based on the needs of Ezell Brown at the time of his admission to the nursing home.

(aa)   The failure to provide and assure, adequate nursing care plan revisions and modification as the needs of Ezell Brown changed.

(bb)   The failure to implement and assure that an adequate nursing care plan for Ezell Brown was followed by nursing personnel.

(cc)   The failure to adopt adequate guidelines, policies and procedures for: (a) investigating the relevant facts underlying any deficiencies or licensure violations allies found to exist at the nursing home by the MDH or any state or federal survey agency; (b) the cause of any such deficiency, violation, or penalty; and (c) the method and means for correcting deficiencies or licensure violations or penalties found to exist at the nursing home;

(dd)   The failure to adopt adequate guidelines, policies, and procedures for determining whether the nursing home had sufficient numbers of nursing personnel which includes registered and licensed vocational nurses, nurse assistants, medication assistants, orderlies, and other staff to: (1) provide 24-hour nursing services; (2) meet the needs of residents who are admitted to and remain in the facility; and (3) meet the total nursing needs or recipient-patients.

(ee)   The failure to adopt adequate guidelines, policies and procedures of the nursing home for documenting, maintaining files, investigating and responding to any complaint regarding the quantity of patient care, the quality of patient care or misconduct by employees at the nursing home, no matter whether such complaint derives from a resident of said facility; an employee of the facility; or any interested person.

(ff)   The failure to take reasonable steps to prevent, eliminate and correct deficiencies

6

and problems in patient care at the nursing home.

(gg) The failure by the members of the governing body of the nursing home to discharge their legal and lawful obligations by (1) assuring that the rules and regulations designed to protect the health and safety of patients, such as Ezell Brown, as promulgated by the Mississippi Department of Health and the Mississippi Department of Human Services were consistently complied with on an ongoing basis; (2) assuring that the patient care policies for the nursing home were consistently complied with on an ongoing basis; (3) assuring that the policy and procedure manuals for the nursing home were updated and modified to address problems which consistently emerged at the facility; and (4) responsibly assuring that appropriate corrective measures were implemented to cure problems concerning inadequate patient care.

11. The negligent acts of the Defendant are in violation of the Minimum Standards of Operation For Institutions for the Aged or Infirm as adopted by Mississippi State Department of Health.

12. The negligent acts of the Defendant are further in violation of the National Standard of Care Created by Medicare Regulations.

## IV. INJURIES

13. The Plaintiff, herein re-alleges all previous paragraphs herein above as if fully reprinted herein.

14. Ezell Brown suffered significant bodily injuries.

15. Ezell Brown suffered a femur fracture, decubitus ulcers and other injuries as aforedescribed and he underwent severe pain and suffering from the time of injuries and

7

continuously.

## V. DAMAGES

16. The Plaintiff, herein, alleges that Ezell Brown is entitled to recover from the Defendant, who proximately caused the injuries which resulted in pain and suffering and all of the damages allowable in the following manner and respects:

    (a) Past and present physical pain suffered by the Ezell Brown;

    (b) Past and present mental anguish suffered by Ezell Brown;

    (c) Past, present and future medical and related expenses;

**WHEREFORE**, the Plaintiff sues and demands judgment from and against the Defendant, **RULEVILLE NURSING AND REHABILITATION CENTER, LLC** for an amount that is sufficient to cover all of the actual and compensatory damages applicable under the law plus costs of this proceeding and for punitive damages in an amount to deter the Defendant from future behavior as described herein.

Respectfully submitted, this the 1st day of July, 2015.

                                **BOONE LAW FIRM, P.A.**

                                */s/ Levi Boone, III*

                BY: _____
                        **Levi Boone, III, MSB# 3686**
                        *Attorney for Plaintiff*

**_OF COUNSEL:_**

**BOONE LAW FIRM, P.A.**
401 West Sunflower Road
P. O. Box 1772
Cleveland, MS 38732
Telephone: (662) 843-7946
Facsimile: (662) 843-7950